UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIN CREST PTE, LTD, ET AL.,

    Plaintiffs,

v.    Case No. 8:07-cv-1433-T-24 MAP

AIU INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 28). Plaintiffs oppose the motion. (Doc. No. 31). This case is based on an insurance contract and involves the application of Taiwanese law. As such, the parties filed translations of cited Taiwanese law. (Doc. No. 43, 33).

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Plaintiffs allege the following in their amended complaint (Doc. No. 26): Defendant issued two commercial general liability insurance policies to Plaintiffs. The first policy ("the 2000 Policy") covered the period of December 1, 1999 through December 1, 2000. The second policy ("the 2001 Policy") covered the period of December 1, 2000 through December 1, 2001. These policies are attached to the complaint and indicate that they were executed in Taiwan.

On April 21, 2001, Doreen and Donald Blair were visiting friends in Florida. Mrs. Blair sat on a chair that was manufactured by Plaintiffs and purchased from Sam's Club, and the chair caused her to fall and injure herself. In 2003, the Blairs filed suit against Sam's Club and Plaintiffs in Florida ("the Blair I suit").

As a vendor of Plaintiffs' products, Sam's Club was an additional insured under the 2001 Policy. As a result, Defendant agreed to defend Sam's Club in the Blair I suit. In 2004, Plaintiffs were voluntarily dismissed without prejudice from the Blair I suit.

On January 20, 2005, Defendant sent Plaintiffs an email advising Plaintiffs that the statute of limitations for claims against Plaintiffs in connection with Mrs. Blair's injuries would expire on April 22, 2005. Defendant informed Plaintiffs that it believed that the Blairs' case was

weak and that a defense victory was likely in the Blair I suit because there was no evidence of a defect in the chair. Defendant promised to keep Plaintiffs informed of any ongoing settlement negotiations in the Blair I suit.

In a letter dated February 21, 2005, Defendant informed Plaintiffs that even though it believed that there was no physical defect in the chair, Defendant intended to settle the Blair I suit on behalf of Sam's Club for the remaining limits of the 2001 Policy. Defendant informed Plaintiffs that they would not be included in the release and that the Blairs intended to file suit against them prior to the expiration of the statute of limitations. Finally, Defendant advised Plaintiffs that the settlement of the Blair I suit on behalf of Sam's Club would completely exhaust the limits of the 2001 Policy, and as such, Plaintiffs would have to defend itself against the Blairs' claims.

On March 22, 2005, the Blairs filed suit against Plaintiffs in Florida ("the Blair II suit"). On March 31, 2005, Defendant settled the Blairs' claims against Sam's Club despite Plaintiffs' objections. On June 8, 2006, Defendant issued a coverage denial regarding the Blair II suit. As a result, Plaintiffs entered into a stipulated settlement agreement with the Blairs that resulted in the entry of a $12,000,000 judgment against Plaintiffs in the Blair II suit on October 17, 2007.

Thereafter, Plaintiffs filed the instant case asserting three claims: (1) breach of contract regarding the 2000 Policy; (2) declaratory judgment as to the 2000 Policy; and (3) bad faith as to the 2000 and 2001 policies. In response, Defendant filed the instant motion to dismiss.

**III.  Motion to Dismiss**

Defendant moves to dismiss all of the claims in the amended complaint, arguing that: (1) Plaintiffs' claims are governed by Taiwan law; (2) Plaintiffs' claims are time-barred under

Taiwanese law; and (3) all three claims fail to state a claim. Accordingly, the Court will address each argument.

### A. Choice of Law

Defendant argues that Taiwanese law governs all of Plaintiffs' claims. Plaintiffs concede that Taiwanese law governs its breach of contract and declaratory judgment claims. See State Farm Mutual Automobile Ins. Co. v. Roach, 945 So. 2d 1160, 1163 (Fla. 2006)(stating that the law of the jurisdiction in which the insurance contract was executed governs the rights and liabilities of the parties in determining the issue of coverage). The parties dispute whether Taiwanese or Florida law governs Plaintiffs' bad faith claim.

In diversity cases, a federal court must apply the law of the forum in which it sits when determining the law applicable to the case. See Teachers Ins. Co. v. Berry, 901 F. Supp. 322, 324 (N.D. Fla. 1995)(citations omitted). The first step consists of "ascertaining the nature of a bad faith cause of action against an insurer . . . and then discerning the Florida choice of law rule that applies." Id. (citations omitted). Based on the Florida Supreme Court's decision in Government Employees Ins. Co. v. Grounds, 332 So. 2d 13, 14-15 (Fla. 1976), even though a bad faith claim is an action ex contractu, a bad faith claim relates to the insurance company's performance (or lack thereof) under the contract, and matters concerning performance are governed by the law of the place of performance. The place of performance in this case was Florida, because that it where the lawsuits against Plaintiffs were maintained and defended by Defendant. See id. at 15. Accordingly, Florida law governs Plaintiffs' bad faith claim. See Berry, 901 F. Supp. at 324.

### B. Failure to State a Claim

Next, Defendant argues that all of Plaintiffs' claims fail as a matter of law. Accordingly the Court will analyze each claim.

#### 1. Breach of Contract Claim

Count I is a breach of contract claim in which Plaintiffs allege a breach of the 2000 Policy. The 2000 Policy covered the period of December 1, 1999 through December 1, 2000. However, Mrs. Blair was not injured by the chair until April of 2001. As such, Defendant argues that the breach of contract claim fails to state a claim, since the 2000 Policy does not cover an incident occurring in April of 2001. The Court agrees.

The 2000 Policy provides that Defendant will pay those sums that Plaintiffs become legally obligated to pay as damages due to bodily injury or property damage to which the policy applies. (Doc. No. 26, Ex. A, p. 9). The policy provides that the bodily injury or property damage must be caused by an "Occurrence." (Doc. No. 26, Ex. A, p. 9). The policy further provides that "The 'Occurrence' must take place . . . during the Policy Period." (Doc. No. 26, Ex. A, p. 9).

The term, "Occurrence," is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Doc. No. 26, Ex. A, p. 18). Defendant argues that the term, "Occurrence," refers to the time of the incident that causes the bodily injury and/or property damages. As such, Defendant argues that the Occurrence in this case was the date that Mrs. Blair fell off of the chair–April 21, 2001.

Plaintiffs respond that the term, "Occurrence," is ambiguous and could refer to the time when the chair was allegedly defectively manufactured, which Plaintiffs contend occurred in

2000. Plaintiffs further argue that since the term is ambiguous, under Taiwanese law, it should be construed in Plaintiffs' favor. See <u>AOO v. Central Ins. Co. Ltd. Tainan Branch</u>, Judgement 92, Tai Sang, 708 (stating that "[w]hen there are questions, the principle is that the interpretation shall be made in favor of the insured").[1]

Upon review of the 2000 Policy as a whole, the Court finds that the term, "Occurrence," is not ambiguous. Specifically, the policy sets forth Plaintiffs' duties in the event of an Occurrence. (Doc. No. 26, Ex. A, p. 15). Those duties include notifying Defendant in writing "as soon as practicable of an 'Occurrence' which may result in a claim." (Doc. No. 26, Ex. A, p. 15). Such notice should include: "(l) How, when and where the Occurrence took place; (2) The names and addresses of any injured persons and witnesses; and (3) The nature and location of any injury or damage arising of [sic] the 'Occurrence.'" (Doc. No. 26, Ex. A, p. 15). The Court finds that the term, "Occurrence," as used in the policy, refers to the time when the specific accident that causes the bodily injury and/or property damage occurs (<u>i.e.</u>, Mrs. Blair falling off the chair), not the remote time in which Plaintiffs' undertook an action which later led to the accident that caused the bodily injury and/or property damage (<u>i.e.</u>, Plaintiffs' manufacturing of the chair).

Accordingly, the Occurrence in this case occurred on April 21, 2000, when Mrs. Blair fell off of the chair. As such, her fall was not covered by the 2000 Policy, and therefore, the breach of contract claim fails as a matter of law.

### 2. Declaratory Judgment Claim

Count II is a declaratory judgment claim in which Plaintiffs request that the Court declare

---

[1] Attached at Doc. No. 43, Ex. F.

that the 2000 Policy covers the Blairs' claims against Plaintiffs.  However, as explained above, the Court has found that the 2000 Policy does not cover the Blairs' claims against Plaintiffs.  As such, Count II fails to state a claim.

### 3.  Bad Faith Claim

In Count III, Plaintiffs assert a bad faith claim against Defendant.  Defendant argues that this claim is subject to dismissal, because it is governed by Taiwanese law, and Taiwanese law does not recognize bad faith claims.  This argument is flawed, however, because the Court has found that this claim is covered by Florida law, which does recognize bad faith claims.  As such, the Court rejects Defendant's argument on this issue.

### C.  Limitations Period

Next, Defendant argues that Plaintiffs' claims are time-barred under Taiwanese law.  The Court rejects this argument as to the bad faith claim, because it is governed by Florida law.  However, with respect to the other two claims, the Court finds that they are time-barred under Taiwanese law.[2]

> Article 65 of Taiwanese Insurance Law provides:
>
> Any right arising out of an insurance contract shall be extinguished if not exercised within two years from the day when it becomes possible to exercise the right. If any of the following circumstances exists, the two-year time period commences as set forth in the following subparagraphs:
>
> \*        \*        \*
>
> 3. If the claim of a proposer or insured against an insurer arises out of the claim of a third party, the period will begin from the day on which the proposer or insured

---

[2]The limitations period for Counts I and II is governed by Taiwanese law under the choice of law rules.  See Lumbermens Mutual Cas. Co. v. August, 530 So. 2d 293, 295 (Fla. 1988).

is presented with the third-party claim.

(Doc. No. 44, Ex. 1).

The breach of contract and declaratory judgment claims relate to whether there was coverage under the 2000 Policy for the Blairs' claims. According to Article 65, the two-year statute of limitations period began to run on the date in which Plaintiffs were presented with the Blairs' claim. In this case, Plaintiffs allege in the complaint that in a letter dated February 21, 2005, Defendant informed Plaintiffs that the Blairs would be filing suit against them before the limitations period expired on April 22, 2005. Accordingly, the two-year period began, at the latest, on April 22, 2005.

This lawsuit was not filed until August 14, 2007–after the two year limitations period had expired. Therefore, Counts I and II are time-barred under Taiwanese law.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 28) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court dismisses Counts I and II. The motion is **DENIED** as to Count III.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of March, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

8